Caldwell, J.
The question presented for our consideration is, whether a party declaring on a bond or other instrument, as in existence, can sustain the declaration by proof of a lost instrument. The plaintiff declared on a bond in existence, he is bound to produce the bond on the trial, if it be in existence, and within his control. The declaration under which he offers his evidence, avers its existence, and we think he is bound by this averment, and that proof of a lost *361 bond, will not sustain the declaration. Nor do we consider it a mere matter- of form.
In many cases the defense may depend solely on the pro duction of the writing declared on, as in cases where there are indorsements of payment or performance, on which the defendant may rely as a partial or complete defense, or when the execution of the instrument is denied: and many other cases might arise, where the defense might be rendered wholly unavailable by the non-production of the instrument.. Take the case in hand as an example. The issue joined was on the making of the bond, the plea of non est factum, not being sworn to, the bond on production would prove itself prima facia. But suppose the defendants wished to rebut this prima facia case, and had their witness in court, to* prove that the signatures were not those of defendants; if the bond were not produced, they could not avail themselves of the testimony of such witnesses. If the bond were not to be introduced on the trial, a different mode of proving the truth of the defense would have to be adopted. The defendants should therefore have notice of that fact.
If the bond be lost, before the bringing of the suit, the plaintiff should declare on it as a lost bond. If, as is said to be the fact in this case, the bond was lost after the declaration had been filed, the plaintiff should amend, so as to have his pleading conform to the evidence, to be presented on the trial.
This doctrine is very clearly laid down in the case of Smith et al. v. Woodward, 4 East’s Rep. 585.
We think the court erred in, admitting the evidence and refusing to grant the nonsuit. The judgment will therefore be reversed. We have not thought it necessary to pass on the other points in the case.

Judgment reversed.